*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-027

JUNE TERM, 2015

| | |
|---|---|
| In re Zaremba Group Dollar General CU Permit | } APPEALED FROM:<br>}<br>} Superior Court, Environmental<br>} Division<br>}<br>} DOCKET NO. 32-3-14 Vtec<br><br>Trial Judge: Thomas G. Walsh |

In the above-entitled cause, the Clerk will enter:

Twenty-four interested persons (opponents) appeal an order of the Environmental Division upholding a decision of the Town of Chester's Developmental Review Board (DRB) granting a conditional-use permit (CUP) to the Zaremba Group, LLC (applicant) for the construction and operation of a Dollar General store. We affirm.

Applicant proposes to develop a single-story, 9100-square-foot Dollar General retail store and a thirty-one-space paved parking lot on a 1.37-acre lot on Route 103 within the Residential/Commercial District in the Town of Chester. As designed, the project will resemble a barn with faux windows with a street-facing façade and a peaked metal standing-seam roof at a 5/12 pitch. The project will share existing access with an adjacent restaurant that applicant will relocate ninety feet to the south.

In July 2011, applicant submitted a CUP application to the DRB, which held six public hearings between August 2011 and March 2012. In April 2012, the DRB issued a decision granting applicant a CUP, subject to thirty-five conditions. The DRB concluded that the project satisfied all of the criteria for conditional uses under the Town's zoning regulations. Opponents appealed the DRB's decision to the environmental court, which remanded the matter back to the DRB to clarify findings and conclusions concerning the project's impact on traffic and the character of the area affected, including its architectural appearance. On remand, the DRB did not take any new evidence but held six additional deliberative sessions and issued detailed findings and conclusions on the points identified by the environmental court. Once again, the DRB unanimously reaffirmed its initial decision to grant applicant a CUP.

Opponents appealed again to the environmental court, listing nineteen issues to be considered, but briefing only some of them. Following its on-the-record review, 24 V.S.A. § 4471(b), the environmental court upheld the DRB's decision and entered judgment in favor of applicant. Opponents now appeal to this Court, arguing that the DRB's decision lacks necessary findings and conclusions explaining why it rejected the only expert witness' testimony on the visual impact of the proposed project.

Opponents' sole argument on appeal is that the DRB, an administrative body made up of lay persons, violated § 1209(b) of the Municipal Administrative Procedure Act (Title 24) by failing to explain its rationale for rejecting the testimony of their expert, a licensed landscape architect, on the dispositive issue of whether the visual impact of the project would have an adverse impact on the character of the area. Opponents identify their expert's central point as being that the proposed project would create an eyesore "because it would be a large, single-story, unfragmented building, set far back from the road behind a parking lot, [which would] exacerbate the already suburban appearance of the much smaller pizza store." According to opponents, the DRB failed to explain why it disagreed with their expert, who was the only expert to testify, and thus its findings were insufficient "to dispose of the issues presented and make a clear statement of the trier's decision and the basis upon which that decision was made." Harrington v. Dep't of Emp't Sec., 142 Vt. 340, 344 (1982) (quotation omitted). In opponents' view, it would be "incongruous" if untrained and uneducated laypersons whose testimony would be barred by the rules of evidence if they were witnesses "can, when acting as finders of fact, rely on their personal opinions to reject sworn testimony of a licensed expert testifying within the expert's field of specialized knowledge—without having to even give a reason for their decision."

We find no merit to this argument. First and foremost, the premise of the argument is inaccurate. The DRB explicitly stated that it had considered the expert's opinion, and the DBR's detailed findings and conclusions, which are unchallenged on appeal, plainly explain why it rejected her opinion. On remand, the DRB made fifty-four supplemental findings of fact specific to the zoning regulation concerning the character of the area affected. Those findings describe in detail the buildings in the area of the proposed project, including their commercial uses, sizes, setbacks from the highway, parking configurations, landscaping, and architectural features and styles. These unchallenged findings amply support the DRB's unchallenged conclusions that: (1) "the proposed use, as modified and conditioned, is consistent with keeping commercial development within the mixed use village center where there is easy access to Chester's most densely populated areas and town water and sewage is available"; (2) "the project will not detract from the historic character and aesthetic qualities of the village centers, particularly given its location outside the Village Historic District"; (3) "the proposed project is consistent with other uses in the immediate area," in that it "will be smaller than some structures in the area and larger than others," setback further from the highway than some structures but not as far back as others, have an architectural style "similar to other nearby structures," and have landscaping "in keeping with the landscape styles in the area"; and (4) "the proposed project falls within the existing range of compatible uses and the architectural appearance, structure size, parking configuration, setbacks, lot coverage[], and landscaping styles associated with those uses currently found in the area." Based on these conclusions, the DRB determined that the proposed project, as modified and conditioned, would not adversely affect the character of the area. In making these findings and conclusions, the DRB explicitly acknowledged the testimony of opponents' expert, but disagreed with her opinion because of the "substantial record of other uses and structural appearances on the record in the area from which we can make our own determination."

In short, the DRB considered but rejected the opinion of opponents' expert based on its detailed, unchallenged findings and conclusions, which, in turn, were based on ample evidence in the record concerning the character of the area, including many photographs of the buildings in the area and the expert's own acknowledgement that there were a number of exceptions to the historical pattern she described. Without question, we can determine from the record what was

2

decided and why. Moreover, the DRB's findings and conclusions make it clear why the DRB did not accept the expert's opinion. Cf. Krieger v. Gold Bond Bldg. Prods., 863 F.2d 1091, 1097 (2d Cir. 1988) (rejecting argument that trial court's findings were inadequate because it failed to refer to expert, whose testimony "was not so intrinsically persuasive that the court was compelled to adopt the expert's view that [plaintiff's] sales performance was poor"). Further, there is no violation of 24 V.S.A. § 1209(b), which simply provides that "[f]indings of fact shall explicitly and concisely restate the underlying facts [from the record] that support the decision. That is exactly what the DRB did. Our standard of review on appeal is the same as the environmental court's on-the-record review of the DRB's decision. In re Ferrera & Fenn Gravel Pit, 2013 VT 97, ¶ 6, 195 Vt. 138. "Thus, we will affirm the findings of the DRB if reasonably supported by the evidence. Our role is not to reweigh the evidence, and we will defer to the finder of fact when there is conflicting evidence in the record." Id. (citation omitted). Under this standard, the DRB's decision must be upheld, given the record before us.

Affirmed.


BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice